Jennifer R. Lloyd, Esq. (SBN: 310661)
**HOWARD & HOWARD ATTORNEYS PLLC**
2049 Century Park East, Suite 330
Los Angeles, CA 90067
Telephone: (424) 303-7700
Facsimile: (424) 274-3202
Email: jlloyd@howardandhoward.com

*Attorneys for Plaintiff Clipsy, LLC*



FILED
CLERK, U.S. DISTRICT COURT
11/09/2020
CENTRAL DISTRICT OF CALIFORNIA
BY: WH  DEPUTY

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLIPSY, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND HAHN, an individual, d/b/a RAYMOND'S BOUTIQUE,<br><br>Defendant. | Case No. 2:20-cv-05689-PSG-AFM<br><br>[~~PROPOSED~~] **FINAL JUDGMENT AND PERMANENT INJUNCTION**<br><br>~~Hearing: 11/16/2020 at 1:30 p.m.~~<br>Honorable Philip S. Gutierrez<br>Courtroom: 6A<br>350 West First Street, 6th Floor<br>Los Angeles, CA 90012-4565 |

It is hereby ordered, adjudges, and decreed as follows:

### FINDING OF PERSONAL JURISDICTION

1. For the reasons set forth in Plaintiff Clipsy, LLC's ("Clipsy's" or "Plaintiff's") Motion and Memorandum in support thereof, for a finding of personal jurisdiction as to Defendant Raymond Hahn d/b/a Raymond's Boutique ("Mr. Hahn" or "Defendant"), this Court concludes that Defendant is an individual residing in this judicial district at 1835 Holmby Avenue #301, Los Angeles, CA 90025, who is or has operated business(es) known as Raymond's Boutique, Microsite Solutions, Enajyer Custom Design, and PropertyMicrosite.com at or from locations in this judicial district, including: (a) 10100 Santa Monica Blvd., Los Angeles, CA, 90067; (b) 10445 Wilshire Blvd., Suite 1706, W. Los Angeles, CA 90024; (c) 1731 Colby Ave., Suite 205, Los Angeles, CA 90025; (d) 2450 Colorado Blvd., Apt. 6, Los Angeles, CA 90041; and (e)

1835 Holmby Ave. #301, Los Angeles, CA 90025. This Court concludes that Defendant is physically present within this judicial district in the State of California, has had sufficient contacts with the State of California to support a finding that this Court has personal jurisdiction over Defendant in this matter.[1] Accordingly, the Court grants Plaintiff's motion for a finding of personal jurisdiction over Defendant.

## DEFAULT JUDGMENT AND PERMANENT INJUNCTION
## FINDINGS OF FACT

1. Plaintiff Clipsy, LLC (defined above as "Plaintiff" or "Clipsy"), is a Nevada limited liability company whose principal place of business is located in Clark County, Nevada.

2. Clipsy is the inventor of the heart-shaped purse hanger. Clipsy's purse hanger is unique because, when closed, it is shaped like a heart. When twisted open, it forms an "S shape" and can be used to hang a purse, as is commonly done at restaurants and bars.

3. Clipsy owns two United States design patents for its heart-shaped purse hanger: (a) U.S. Design Patent No. D592,489, entitled *Hanger for Purse or Other Article* (the "'489 Patent"); and (b) U.S. Design Patent No. D592,943, entitled *Hanger for Purse or Other Article* (the "'943 Patent") (together, the "Clipsy Design Patents").

4. Clipsy owns three United States utility patents for its heart-shaped purse hanger, including: (a) U.S. Patent No. 8,162,276, entitled, *Rotary Joint Assembly and Combination Clip-Hook and Jeweler Piece Employing Same*; (b) U.S. Patent No. 9,273,718, entitled *Rotary Joint Assembly and Combination Clip-Hook and Jewelry Piece Employing Same*; and (c) U.S. Patent No. 10,495,495,136, entitled *Rotary Joint Assembly and Combination Clip-Hook and Jewelry Piece Employing the Rotary Joint*

---

[1] Plaintiff also presented evidence that Defendant offered for sale and sold infringing heart-shaped bag hangers throughout the United States, including California, via Defendant's online storefront on Amazon.com, which allowed customers to do business entirely through the websites and directly purchase infringing heart-shaped bag hangers.

*Assembly* (together, the "Clipsy Utility Patents") (together with the Clipsy Design Patents, the "Clipsy Patents").

5. Defendant Raymond D. Hahn (defined above as "Defendant," "Mr. Hahn," and/or "Raymond's Boutique"), is an individual whose residence and principal place of business is located in this judicial district.

6. Defendant operates several online businesses through fictitious firm names including, without limitation: Raymond's Boutique, Microsite Solutions, Enajyer Custom Design, and PropertyMicrosite.com. Several addresses are associated with one or more of these businesses, including: (a) 10100 Santa Monica Blvd., Los Angeles, CA, 90067; (b) 10445 Wilshire Blvd., Suite 1706, W. Los Angeles, CA 90024; (c) 1731 Colby Ave., Suite 205, Los Angeles, CA 90025; (d) 2450 Colorado Blvd., Apt. 6, Los Angeles, CA 90041; and (e) 1835 Holmby Ave. #301, Los Angeles, CA 90025.

7. Notwithstanding the Clipsy Patents, Raymond's Boutique is presently manufacturing, using, offering to sell, selling, and/or importing into the United States knock-off versions of Clipsy's heart-shaped purse hangers ("Infringing Products") without Clipsy's authorization, license, or consent.

8. Mr. Hahn registered, owns, and operates the Internet domain name <raymondsboutique.com>. When the Complaint was filed, a screenshot from the website shows Mr. Hahn's sale of heart-shaped bag hangers.

9. Currently, the <raymondsboutique.com> domain redirects visitors to its online store at Amazon.com.

10. In April, 2020, Defendant's ad for heart-shaped bag hangers displayed on Amazon.com offered silver or chrome colored bag hangers.

11. On March 5, 2020, Clipsy's patent counsel emailed Mr. Hahn and notified him of the existence of the Clipsy Patents and demanded that Raymond's Boutique cease and desist from any further infringement. Raymond's Boutique did not respond to the email and continued to sell heart-shaped bag hangers through the <raymondsboutique.com> website and Amazon.com.

12. On March 20, 2020, Clipsy's patent counsel sent a letter to Mr. Hahn and again notified him of the existence of the Clipsy Patents and again demanded that Raymond's Boutique cease and desist from any further infringement.

13. Raymond's Boutique did not respond to the letter and continued to sell heart-shaped bag hangers through Amazon.com.

2. On April 15, 2020, Clipsy's litigation counsel sent a letter to Mr. Hahn and again notified him of the existence of the Clipsy Patents and again demanded that Raymond's Boutique cease and desist from any further infringement. Raymond's Boutique did not respond to the letter and continues to sell heart-shaped bag hangers through Amazon.com.

14. Since receiving Clipsy's cease and desist letters, Raymond's Boutique has increased the price of the infringing heart-shaped bag hangers it is selling, from $11.95 per unit to $14.95 per unit.

15. When the Complaint was filed, Defendant's current advertisement appeared at: https://www.amazon.com/RAYMONDS-BOUTIQUE-Handbag-Foldable-Stylish/dp/B083PNGDC5/ref=sr_1_1?dchild=1&keywords=raymond%27s+boutique&qid=1592874284&sr=8-1.

16. On September 18, 2020, Clipsy's intellectual property counsel checked the Amazon.com website and determined that Defendant was still selling infringing heart-shaped bag hangers through Amazon.com, offering them in silver, gold, and rose gold colors. The advertisement appeared at: https://www.amazon.com/RAYMONDS-BOUTIQUE-Handbag-Foldable-Stylish/dp/B083PNGDC5/ref=sr_1_1?dchild=1&keywords=raymond%27s+boutique&qid=1600294851&sr=8-1.

17. Clipsy brought this action against Defendant for infringement of the Clipsy Patents.

18. On July 28, 2020, the Clerk of the Court entered a default as to Defendant based on Defendant's failure to file and serve an answer or other response to the

Complaint.

19. Defendant has imported into, sold within, and/or offered to sell within, the United States, including in the State of California, certain heart-shaped bag hangers that Clipsy alleges infringe at least one claim of one or more of the Clipsy Patents (defined above as the "Infringing Products").

20. Clipsy has alleged that the Infringing Products all infringe at least one or more claims of one or more of the Clipsy Patents. More specifically, Clipsy has alleged that each of the claims of the Clipsy Design Patents, included within Attachment A hereto, is infringed by the Infringing Products with respect to each such claim. Clipsy has also alleged that the Infringing Products all infringe at least one claim of the Clipsy Utility Patents, literally or through the doctrine of equivalents, including, independent claim 1 of the '276 Patent, independent claim 1 of the '718 Patent, and independent claim 1 of the '136 Patent.

21. Clipsy alleges that the Infringing Products shown in the Complaint that Defendant has advertised for sale and sold through <amazon.com> and <raymondsboutique.com> are substantially similar in appearance to the design of the heart-shaped bag hangers depicted in the Clipsy Design Patents.

22. Any finding of fact that is deemed to be a Conclusion of Law is hereby adopted as such. Any Conclusion of Law that is deemed to be a finding of fact is hereby adopted as such.

## CONCLUSIONS OF LAW

23. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 et seq. This Court has jurisdiction over the subject matter of this lawsuit pursuant to 28 U.S.C. §§ 1331 and 1338(a).

24. This Court has personal jurisdiction over the parties, and venue is proper in this district pursuant to 28 U.S.C. § 1400(b).

25. Clipsy has alleged in Count I of its Complaint that Raymond's Boutique is presently manufacturing, using, offering to sell, selling, and/or importing Infringing

Products into the United States that, under the ordinary observer test, are substantially similar to the product designs covered by the Clipsy Design Patents included in Attachment A, and that such conduct by Defendant infringes the Clipsy Design Patents.

26. Clipsy has alleged in Count II of its Complaint that Defendant's sale of Infringing Products infringes, literally or through the doctrine of equivalents, the Clipsy Utility Patents including, independent claim 1 of the '276 Patent, independent claim 1 of the '718 Patent, and independent claim 1 of the '136 Patent, all included in Attachment A, and that such conduct by Defendant infringes the Clipsy Utility Patents.

27. Clipsy has alleged that Raymond's Boutique has not obtained a license, permission from, or the consent of Clipsy to make, use, offer to sell, sell, or import the Infringing Products into the United States.

28. Clipsy has alleged that, as a direct and proximate result of Defendant's infringement of the Clipsy Patents, Clipsy has suffered and continues to suffer irreparable harm and injury to its patent rights as well as monetary damages.

29. Defendant has not appeared to contest Clipsy's allegations or contradict the evidence submitted by Clipsy in its Complaint.

30. Upon default, the Complaint's factual allegations, except those relating to the amount of damages, are taken as true. Taken as true upon default, the Complaint's factual allegations constitute evidence of Defendant's infringement of the Clipsy Patents.

31. Taken as true, Clipsy's allegations of patent infringement demonstrate that the Infringing Products infringe the designs set forth in the Clipsy Design Patents under the ordinary observer test. The designs covered by the Clipsy Patents and the Infringing Products appear substantially similar to an ordinary observer.

32. Taken as true, Clipsy's allegations of patent infringement demonstrate that the Infringing Products infringe literally (or through the doctrine of equivalents) one or more claims of the Clipsy Utility Patents including, without limitation, independent claim 1 of the '276 Patent, independent claim 1 of the '718 Patent, and independent

claim 1 of the '136 Patent.

33. No determination is made that the Infringing Products do not infringe other claims of the Clipsy Patents or other patents owned or controlled by Clipsy.

34. Defendant has not submitted any evidence to demonstrate that the Clipsy Patents are invalid or unenforceable. The Clipsy Patents have not been held invalid or unenforceable in this action, in proceedings before the International Trade Commission, in any other district court action Clipsy has filed, or any other proceeding. Based on the foregoing, the Court makes the following findings:

35. All of the Claims of the '489 Patent are valid and enforceable.

36. All of the Claims of the '943 Patent are valid and enforceable.

37. All of the Claims of the '276 Patent are valid and enforceable.

38. All of the Claims of the '718 Patent are valid and enforceable.

39. All of the Claims of the '136 Patent are valid and enforceable.

40. This Court explicitly orders that any issues of validity, enforceability, and infringement are hereby finally concluded and disposed of and this Judgment bars Defendant from contending in this action or any other proceeding that the Infringing Products and other products that are no more than colorably different therefrom do not infringe the claims of the Clipsy Patents set forth in Attachment A.

41. This Judgment shall finally conclude and dispose of this litigation as to the parties to this Default Judgment, and this Judgment shall be entitled to issue and claim preclusion effect.

**IT IS HEREBY FOUND, ORDERED, ADJUDGED, AND DECREED THAT:**

A. Defendant and its officers and directors, agents, servants, employees, attorneys, distributors, and affiliates, who are in active concert or participation with, through, or under them, who receive actual notice of this judgment by personal service or otherwise, are hereby permanently enjoined from all sales of Infringing Products, or any other products that are no more than colorably different therefrom, including,

without limitation, on or through <amazon.com>, <raymondsboutique.com>, or any other store, website, or sales platform of every nature, type, or kind, and from any other acts that directly or indirectly infringe any of the claims of the Clipsy Patents, and from causing, inducing, or contributing to the infringement of any of the claims of the Clipsy Patents by others.

    B.    This Judgment shall become null and void on the expiration date of the last to expire of the Clipsy Patents.  This Judgment shall not apply with respect to any claim of an intellectual property right that has expired or been found or adjudicated invalid or unenforceable by a court of competent jurisdiction, provided that such finding or judgment has become final and non-reviewable.

    C.    This Court retains exclusive jurisdiction of this action for the purpose of insuring compliance with this Judgment.

    D.    This Judgment shall finally conclude and dispose of all claims and counterclaims of Plaintiff against Defendant and Defendant against Plaintiff with prejudice.

    E.    Each party shall bear its own costs and attorneys' fees.

    F.    Final Judgment shall be entered hereto, forthwith, without further notice.

There being no just reason for delay, the Clerk is directed to enter this Final Default Judgment and Permanent Injunction forthwith.

**IT IS SO ORDERED.**

Dated: ___November 9___, 2020

_____
The Honorable Philip S. Gutierrez
United States District Judge

4839-1255-5723, v. 1